# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JANET BLOUIN, *et al.*,**                                             **PLAINTIFFS**

**v.**                                           **CIVIL ACTION NO. 2:17-CV-42-KS-MTP**

**JOHNSON & JOHNSON,** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the Motion to Dismiss [11] filed by Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson, and **grants** the Motion to Dismiss [19] filed by Defendants AbbVie, Inc. and Abbott Laboratories, Inc. Accordingly, the Court will enter a separate, final order of dismissal, closing this case.

## I. BACKGROUND

This is a wrongful death/product liability case. Plaintiffs allege that their son suffered personal injuries because he used a drug manufactured and marketed by Defendants. Plaintiffs asserted a variety of claims, and they seek several categories of damages. Defendants filed Motions to Dismiss [11, 19], to which Plaintiffs did not respond. Therefore, the motions are ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must

be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. MOTION TO DISMISS [11] BY JOHNSON & JOHNSON, JANSSEN PHARMS., INC.

#### A. *Product Liability Claims*

First, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (the "Janssen Defendants") argue that Plaintiffs' claims of wrongful death, negligence, gross negligence, strict liability, breach of warranty, and fraud are subsumed by the Mississippi Products Liability Act and, therefore, subject to the statute of limitations applicable to such claims.[1]

The MPLA governs "any action for damages caused by a product, including but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty . . . ." MISS. CODE ANN. § 11-1-63; *see also Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015). Accordingly, the federal courts in this state

---

[1]Defendants asserted a wide variety of arguments as to each of Plaintiffs' claims, and it is not necessary for the Court to address all of them.

have held that the MPLA subsumes claims of negligence,[2] breach of implied warranty,[3] breach of express warranty,[4] fraud,[5] negligent misrepresentation,[6] negligent infliction of emotional distress,[7] and strict liability.[8]

MPLA claims are subject to the general three-year statute of limitations of Miss. Code Ann. § 11-1-49(1). *Turnage v. McConnell Techs.*, 671 F. App'x 307, 308 (5th Cir. 2016); *Smith v. Gen. Motors, LLC*, No. 3:17-CV-471-TSL-RHW, 2017 U.S. Dist. LEXIS 169453, at *3 (S.D. Miss. Oct. 13, 2017). MPLA claims accrue when the plaintiff discovers, or by reasonable diligence should have discovered, the injury. MISS. CODE

---

[2]*McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 844-45 (S.D. Miss. 2010); *Arnoult v. CL Med. SARL*, No. 1:14-CV-271-KS-MTP, 2015 U.S. Dist. LEXIS 125843, at *6 (S.D. Miss. Sept. 21, 2015); *Lashley v. Pfizer, Inc.*, 877 F. Supp. 2d 466, 471 (S.D. Miss. 2012)*; Hill v. Forest Labs., Inc.*, 2:06-CV-244-KS-MTP, 2014 U.S. Dist. LEXIS 78057, at *5-*6 (S.D. Miss. June 6, 2014); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *13 (S.D. Miss. Sept. 25, 2013).

[3]*Arnoult*, 2015 U.S. Dist. LEXIS 125843 at *7; *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2015 U.S. Dist. LEXIS 66561, at *3 (S.D. Miss. May 21, 2015).

[4]*Arnoult*, 2015 U.S. Dist. LEXIS 125843 at *10-*11; *Scirocco*, 2015 U.S. Dist. LEXIS 66561 at *3.

[5]*Arnoult*, 2015 U.S. Dist. LEXIS 125843 at *8.

[6]*Gardley-Starks v. Pfizer, Inc.*, 917 F. Supp. 2d 597, 602-03 (N.D. Miss. 2013); *Lashley*, 877 F. Supp. 2d at 471; *Arnoult*, 2015 U.S. Dist. LEXIS 125843 at *9.

[7]*Arnoult*, 2015 U.S. Dist. LEXIS 125843 at *9-*10; *Austin*, 2013 U.S. Dist. LEXIS 137480 at *24; *Adams v. Energizer Holdings, Inc.*, No. 3:12-CV-79-TSL-JMR, 2013 U.S. Dist. LEXIS 56432, at *6 n. 1 (S.D. Miss. Apr. 19, 2013).

[8]*Chatman v. Pfizer, Inc.*, 960 F. Supp. 2d 641, 648 (S.D. Miss. 2013); *Lashley*, 877 F. Supp. 2d at 471; *Scirocco*, 2015 U.S. Dist. LEXIS 66561 at *2; *Austin*, 2013 U.S. Dist. LEXIS 137480 at *25.

ANN. § 15-1-49(2); *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 836 (Miss. 2010).

Here, the claimed injury is Alexander Blouin's death, which occurred on March 26, 2013. *See* Amended Complaint at 4, *Blouin v. Johnson & Johnson*, No. 2:17-CV-42-KS-MTP (S.D. Miss. July 25, 2017), ECF No. 5. Therefore, Plaintiffs' product liability claims accrued on March 26, 2013. Plaintiffs filed this action on March 24, 2017 – over three years after their product liability claims accrued. Any claims asserted by Plaintiffs which are governed by the MPLA – including their claims of negligence (Count IV), gross negligence (Count V), fraud (Count VII), strict liability (Count VIII), and breach of warranty (Count VI) – are barred by the applicable statute of limitations.

## B.     *Wrongful Death Claims*

The Janssen Defendants also argue that Plaintiffs' wrongful death claims are barred by the applicable statute of limitations. The statute of limitations for wrongful death claims is determined by reference to the underlying tort which caused the decedent's injury. *Empire Abrasive Equip. Corp. v. Morgan*, 87 So. 3d 455, 462 (Miss. 2012). Therefore, the statute of limitations for Plaintiffs' wrongful death claims (Count I) mirrors that of their product liability claims, and they are barred by the applicable statute of limitations.

## C.     *Unjust Enrichment*

The Janssen Defendants argue that Plaintiffs did not plead sufficient facts to state a viable unjust enrichment claim. Unjust enrichment is a quasi-contractual theory of liability in which "there is no legal contract but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he

4

should not retain, but should deliver to another." *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 719 (Miss. 1998) (quoting *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987)). The basis of the claim is "a promise, which is implied in law, that one will pay to the person entitled thereto that which in equity and good conscience is his." *Jordan v. Nationwide Trustee Servs., Inc.*, No. 3:14-CV-503-TSL-JCG, 2014 U.S. Dist. LEXIS 170124, at *15 (S.D. Miss. Dec. 9, 2014).

The facts pleaded by Plaintiffs do not state a plausible claim of unjust enrichment. Plaintiffs have not pleaded facts suggesting that they have a direct relationship with the Janssen Defendants, that Defendants promised to pay them any funds, or that Defendants hold any funds which rightfully belong to them. *See United States ex rel. Hartwig v. Medtronic, Inc.*, No. 3:11-CV-413-CWR-LRA, 2014 U.S. Dist. LEXIS 44475, at *48 (S.D. Miss. Mar. 31, 2014). Accordingly, the Court grants Defendants' motion with respect to Plaintiffs' unjust enrichment claim (Count IX).

### D. RICO

The Janssen Defendants argue that Plaintiffs failed to plead an injury to their business or property, which is a prerequisite for a RICO claim. "To prevail in a RICO suit, a plaintiff must demonstrate an injury to business or property." *Hughes v. Tobacco Ins., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (citing 18 U.S.C. § 1964(c)). Therefore, one cannot recover under RICO for personal injuries or economic losses arising from personal injuries. *Id.*; *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979); *Price v. Pinnacle Brands*, 138 F.3d 602, 607 n. 20

(5th Cir. 1998); *Vickers v. Weeks Marine, Inc.*, 414 F. App'x 656, 657 (5th Cir. 2011). This is a personal injury case. Plaintiffs have not alleged any injury to their business or property. Therefore, the Court grants the Janssen Defendants' motion to dismiss their RICO claim (Count X).

### E. *False Claims Act*

The Janssen Defendants also argue that Plaintiffs did not plead sufficient facts to state a claim under the False Claims Act. "[C]complaints under the FCA must comply with Rule 9(b), which provides that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 466 (5th Cir. 2015).

> Rule 9(b) generally requires the plaintiff to plead the time, place, and contents of the false representation and the identity of the person making the representation. However, an FCA claim can meet Rule 9(b)'s standard if it alleges "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."

*United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)). Moreover, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Plaintiffs did not specify the sections of the False Claims Act under which they are proceeding. Regardless, "the linchpin of an FCA claim is a false claim" presented to the Government for payment, and "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation

6

and what that person obtained thereby must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b)." *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 (2008). Plaintiffs pleaded no specific facts regarding any false claims submitted to the government for payment. In fact, Plaintiffs' FCA claim appears to be premised upon false statements made in promotion of the drugs at issue in this case, rather than in a claim submitted to the government for payment. Therefore, the Court grants the Janssen Defendants' motion to dismiss Plaintiffs' FCA claim (Count II). *Hartwig*, 2014 U.S. Dist. LEXIS 44475 at *36-*37 (allegations concerning drug manufacturer's marketing and promotion activities not sufficient to assert claims under the FCA).

### F.     *Mississippi Consumer Protection Act*[9]

Finally, the Janssen Defendants argue that Plaintiffs can not assert a claim under the MCPA because they have not complied with certain statutory prerequisites to suit. Indeed, the MCP provides: "In any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." MISS. CODE ANN. § 75-24-15(2). Plaintiffs did not plead any facts demonstrating that they complied with this statute. Therefore, their MCPA claims (Count III) are barred. *See Joan Cravens, Inc. v. Deas Constr. Inc.*, No. 1:15-CV-385-KS-MTP, 2016 U.S. Dist.

---

[9]The Court assumes that Count III of the Amended Complaint, labeled as a claim under the "Deceptive Trade Practices Act," was intended to be a claim under the Mississippi Consumer Protection Act. Mississippi has no "Deceptive Trade Practices Act."

LEXIS 59788, at *4-*5 (S.D. Miss. May 5, 2016); *Humphrey v. Citibank, N.A.*, No. 2:12-CV-148-MPM-JMV, 2013 U.S. Dist. LEXIS 137465, at *15-*17 (N.D. Miss. July 2, 2013).

### IV. MOTION TO DISMISS [19] BY ABBVIE, INC., ABBOTT LABS., INC.

#### A.   *Wrongful Death*

First, Defendants Abbvie, Inc. and Abbott Labs, Inc. (the "Abbott Defendants") argue that Plaintiffs' wrongful death claims are time-barred. The Court grants this aspect of their motion for the same reasons provided above.[10]

#### B.   *Products Liability*

Next, the Abbott Defendants argue that Plaintiffs product liability claims are time-barred. The Court grants this aspect of their motion for the same reasons provided above, as to Plaintiffs' enumerated MPLA claim and all claims subsumed by the MPLA.

#### C.   *MCPA*

The Abbott Defendants also argue that Plaintiffs' MCPA claims fail because Plaintiffs did not attempt to resolve their dispute before bringing suit, as required by statute. The Court grants this aspect of their motion for the same reasons provided above.

#### D.   *Unjust Enrichment*

---

[10]Like the Janssen Defendants, the Abbott Defendants asserted several arguments as to each of Plaintiffs' claims – including all those presented by the Janssen Defendants – and it is not necessary to address all of them.

8

The Abbott Defendants argue that Plaintiffs did not plead a viable unjust enrichment claim because they did not allege that they had any direct relationship with the Abbott Defendants or that Defendants held any money which rightfully belongs to them. The Court grants this aspect of their motion for the same reasons provided above.

### E. *Breach of Express Warranty*

The Abbott Defendants argue that Plaintiffs' breach of express warranty claim fails because they did not plead the specific statement or misrepresentation which was the alleged basis of their purchase.

The MPLA provides, in relevant part:

(a) The manufacturer, designer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer, designer or seller:

    (i) . . .

        4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and

    (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

    (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

MISS. CODE ANN. § 11-1-63(a). "[A]n express warranty is any affirmation of fact or promise which concerns the product and becomes part of the basis for the purchase of

9

such a product." *Forbes v. GMC*, 935 So. 2d 869, 876 (Miss. 2006).

Plaintiffs did not allege any specific statements or representations by the Abbott Defendants which became part of the basis for their purchase of the product. Accordingly, the Court grants the Abbott Defendants' motion to dismiss as to Plaintiffs' breach of express warranty claim. *See Arnoult v. CL Medical SARL*, 2015 U.S. Dist. LEXIS 125843, at *10-*11 (S.D. Miss. Sept. 21, 2015); *Austin*, 2013 U.S. Dist. LEXIS 137480 at *22-*23; *Garcia v. Premier Home Furnishings*, No. 2:12-CV-167-KS-MTP, 2013 U.S. Dist. LEXIS 110527, at *17 (S.D. Miss. Aug. 6, 2013).

### F. Breach of Implied Warranty

Among other things, the Abbott Defendants argue that Plaintiffs' breach of implied warranty claims are barred by the applicable statute of limitations. For the same reasons provided above, the Court finds that Plaintiffs' breach of implied warranty claims are subsumed by the MPLA and, therefore, subject to the three-year statute of limitations applicable to MPLA claims. Accordingly, Plaintiffs' breach of implied warranty claims are barred by the applicable statute of limitations.

### G. RICO

The Abbott Defendants argue that Plaintiffs' RICO claims fail because they did not allege an injury to their business or property. The Court grants this aspect of the Abbott Defendants' motion to dismiss for the reasons provided above.

### H. FCA

The Abbott Defendants argue that Plaintiffs FCA claims fail because they have

not alleged that the Abbott Defendants knowingly presented any false claim to the government for payment, or that any public property or funds were transferred because of the Abbott Defendants' alleged actions. The Court grants this aspect of the Abbott Defendants' motion to dismiss for the same reasons provided above.

## I. *Fraud*

Finally, the Abbott Defendants argue that Plaintiffs' fraud claims must be dismissed because Plaintiffs failed to plead them with particularity as required by Rule 9. "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This rule requires plaintiffs to identify the "time, place, and contents of the false representations, as well as the identity of the person making the representation, and what that person obtained thereby." *Owens v. Jastrue*, 789 F.3d 529, 535 (5th Cir. 2015). Plaintiffs provided no specific factual allegations to support their fraud claims against the Abbott Defendants. Accordingly, the Court grants this aspect of their motion to dismiss.

## V. CONCLUSION

For these reasons, the Court **grants** the Motion to Dismiss [11] filed by Defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson, and **grants** the Motion to Dismiss [19] filed by Defendants AbbVie, Inc. and Abbott Laboratories, Inc. Accordingly, the Court will enter a separate, final order of dismissal, closing this case.

SO ORDERED AND ADJUDGED this 1st day of November, 2017.

/s/ Keith Starrett<br>
KEITH STARRETT<br>
UNITED STATES DISTRICT JUDGE